IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DIANA L. SISK | ) |
| | ) Case No. 3:22-cv-00958 |
| v. | ) |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Diana L. Sisk's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Docket No. 26), to which Defendant Social Security Administration ("SSA") responded in opposition (Docket No. 27) and Plaintiff replied in support (Docket No. 28). For the reasons that follow, Plaintiff's motion (Docket No. 26) is **GRANTED IN PART**.

### I. BACKGROUND

This action is a Social Security case that was brought by Plaintiff under 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the SSA denying her disability insurance benefits and Supplemental Social Security benefits. It is before the undersigned for all further proceedings pursuant to the consent of the parties and order of the District Judge in accordance with 28 U.S.C. § 636(c). (Docket No. 13.)

On October 2, 2023, this Court entered judgment in favor of Plaintiff. (Docket No. 24.) The Court found that the Administrative Law Judge ("ALJ") did not appropriately formulate Plaintiff's residual functional capacity ("RFC") because he did not reference or evaluate any medical opinions regarding Plaintiff's physical limitations, but rather relied on his own interpretation of the medical data. (*Id.* at 7–11.) The Court remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and explicitly directed

the ALJ to: (1) obtain the opinion of a medical expert with respect to Plaintiff's physical functional limitations; (2) provide a "logical bridge" between his reliance on the evidence of Plaintiff's daily activities, if he so relies upon this evidence, and his formulation of Plaintiff's RFC; and (3) "consider and address reasons for not pursuing treatment that are pertinent" to Plaintiff's case as required under SSR 16-3p. (*Id.* at 11–13.) However, the Court found that substantial evidence did support the ALJ's consideration of a vocational expert's testimony when determining that Plaintiff could not perform past relevant work but could perform other work. (*Id.* at 13–17.)

The parties are now at odds over whether Plaintiff should be awarded attorney's fees. At issue is whether the position that the SSA took when opposing Plaintiff's motion for judgment on the administrative record was "substantially justified" under the EAJA. If the SSA can meet its burden and show that its position was "substantially justified," then it need not pay Plaintiff's attorney's fees.

## II. STANDARD OF REVIEW

The EAJA is a fee shifting statute enacted by Congress that provides, in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . *unless the court finds the position of the United States was substantially justified* or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

In the context of a Social Security case brought under 42 U.S.C. § 405(g), a plaintiff who wins a sentence four remand directing further administrative proceedings is a "prevailing party" within the meaning of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301–302 (1993). The salient question in the present case is therefore whether the position of the SSA was "substantially justified." Under the EAJA, to support a denial of attorney fees, the government has the ultimate

burden of showing that its position was substantially justified. *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001); *United States v. 0.376 Acres of Land*, 838 F.2d 819, 829 (6th Cir. 1988).

The Supreme Court of the United States defined the term "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). However, in linking the term to a standard of reasonableness, the Court cautioned that "[t]o be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Id.* at 566. The Supreme Court noted that the language of the EAJA "emphasizes the fact that the determination is for the district court to make." *Id*. at 559. Even if a party's position is incorrect, it can be "substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2.

The Sixth Circuit has made clear that a district court's finding that the SSA's decision to deny benefits was not supported by substantial evidence does *not* automatically entitle the subject claimant to EAJA fees. *See, e.g.*, *Couch v. Sec'y of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984) ("The fact that this court finds a decision of the [SSA] not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified."); *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725 (6th Cir. 2014) ("The Commissioner's position may be substantially justified even if a district court rejects it.").

In considering whether a position is substantially justified, courts "focus on the merits of that position," but "objective indicia of reasonableness – such as a dissenting opinion, the views of other courts, a string of losses, or a string of successes – may be relevant" to this inquiry as well. *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 563 (6th Cir. 2021) (internal quotation marks and citations omitted). Ultimately, the Sixth Circuit "distinguish[es] between cases in which the

3

government lost because it vainly pressed a position flatly at odds with the controlling case law and cases in which the government lost because an unsettled question was resolved unfavorably." *Id.* at 564 (internal quotation marks and citations omitted).

### III. ANALYSIS

The SSA does not dispute that Plaintiff is a prevailing party in this matter and that her motion for fees is timely. The SSA argues, however, that Plaintiff is not entitled to attorney's fees because the SSA's position regarding whether the ALJ properly formulated Plaintiff's RFC was substantially justified.[1] The Court disagrees.

**A.     Whether the SSA's Position Was Substantially Justified.**

Here, the Court found that the ALJ's RFC determination lacked substantial evidence because the ALJ did not reference or evaluate any medical opinions regarding Plaintiff's physical limitations. Instead, the ALJ relied on his own interpretation of the medical data. This error was one of substance rather than articulation. *See Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) ("The government's position in defending the ALJ's analysis might be substantially justified despite remand, for example, where remand was based solely on the ALJ's 'failure to explain his findings adequately' [an error of articulation] and not on 'the weight he found appropriate for various medical opinions' [an error of substance].") (quoting *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014)). In other words, the ALJ did not err simply because he failed to "provide a sufficient explanation allowing the court to trace the path of [his] reasoning." *Fish v. Comm'r of Soc. Sec.*, No. 1:18-cv-1257, 2020 WL 6785402, at *2 (W.D. Mich.

---

[1] The SSA also argues that the ALJ properly considered a vocational expert's testimony when determining that Plaintiff could not perform past relevant work but could perform other work. There is no question that the SSA was substantially justified in raising this argument because the Court found that substantial evidence supported the ALJ's decision at that step. (Docket No. 23 at 13–17.)

4

Oct. 26, 2020) (citing *Harrington v. Comm'r of Soc. Sec.*, No. 1:16-cv-898, 2018 WL 4344982, at *1 (W.D. Mich. Sept. 11, 2018) ("Although the Court found that the ALJ made factual errors in articulating her rationale regarding the assessment of Plaintiff' subjective allegations . . . , the ALJ's error was one of articulation."); *Samona v. Comm'r of Soc. Sec.*, No. 2:15-cv-1713, 2017 WL 9324738, at *3–4 (E.D. Mich. Sept. 19, 2017) (noting that the ALJ's failure to articulate his reasoning for his credibility analysis did not denote a lack of substantial justification for the denial of benefits); *Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008) (the ALJ's failure to explain the reasons for finding the claimant's testimony about her symptoms not credible "was a mere 'articulation error' and does not justify recovery of attorney's fees under the EAJA and Sixth Circuit precedent")).

The Court remanded the matter because of a lack of evidence supporting the ALJ's RFC determination, and not simply because the ALJ failed to adequately draw a connection between the medical evidence and his RFC determination. *See Fish*, 2020 WL 6785402 at *3. Although the Court found that the ALJ failed to provide a "logical bridge" between his reliance on the evidence of Plaintiff's daily activities and his conclusion that she could perform medium work (Docket No. 23 at 12), this was not the sole reason that the Court found in favor of Plaintiff.

In its response, the SSA makes five arguments to show that its position on Plaintiff's physical limitations and RFC was substantially justified: (1) this was not a case "where there is overwhelming evidence of disability" (Docket No. 27 at 4); (2) Sixth Circuit case law has found that an ALJ does not need to base an RFC on a medical opinion (*id.*); (3) the ALJ offered explanation for the RFC findings (*id.* at 6); (4) this Court "rejected Plaintiff's argument that the ALJ was unable to assess the RFC without obtaining a medical opinion regarding physical limitations" in a prior case, *Sisk v. Comm'r of Soc. Sec.*, No. 3:19-cv-00342, 2020 WL 2933257

5

(M.D. Tenn. Jun. 3, 2020), *report and recommendation rejected*, 2020 WL 9814211 (M.D. Tenn. Sept. 16, 2020), (*id.* at 6–7); and (5) other district courts have found the SSA's position to be substantially justified in cases that were remanded for the same error (*id.* at 7). The Court is not persuaded by any of these arguments.

First, as detailed above, the key issue is not whether the evidence of disability before the ALJ was overwhelming. Although courts in the Sixth Circuit have found the SSA "substantially justified in defending an ALJ's denial of benefits where there was no overwhelming evidence of a disability and the case was remanded to the ALJ to cure deficiencies in his or her decision," *Ratliff v. Astrue*, No. 1:08CV2388, 2010 WL 11519468, at *2 (N.D. Ohio Oct. 7, 2010) (citations omitted), the ALJs in these cases made articulation errors rather than substantive errors. As described above, the ALJ in this matter made a substantive error. Accordingly, this Court finds that whether there was overwhelming evidence of disability is not relevant in this matter to determine whether the SSA's position was substantially justified.

Second, the case law from the Sixth Circuit to which the SSA cites does not stand for the proposition asserted by the SSA. The SSA claims that these cases state that the ALJ does not need to base a claimant's RFC on a medical opinion. However, this is not fully accurate. In the cited cases, the Sixth Circuit was determining whether the ALJs exceeded their authority when they made findings that conflicted with or differed from medical opinions in the record. *See Reinartz v. Comm'r of Soc. Sec.*, 795 F. App'x 448, 448–49 (6th Cir. 2020) ("She [the claimant] contends that an ALJ may not make a work-capacity finding without a medical opinion that *reaches the same conclusion*. The effect of a claimant's conditions on her ability to work, however, is a determination expressly reserved for the ALJ.") (emphasis added); *Mokbel-Aljhami v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) ("We have previously rejected the argument that

6

a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion *consistent with that of the ALJ*.") (emphasis added); *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442-43 (6th Cir. 2017) ("Shepard contends that there is conflicting evidence in the record that demonstrates she was incapable of light work during the relevant period. That may be so, but when the ALJ is 'presented with the not uncommon situation of *conflicting medical evidence*[,] [t]he trier of fact has the duty to *resolve that conflict*.'") (citation omitted) (emphasis added). In other words, in these cases, there were medical opinions in the record with which the ALJ disagreed. Here, in contrast, there was no medical opinion in the record regarding Plaintiff's physical limitations. Instead, the ALJ relied on his own interpretation of the medical data, which is not permitted. Accordingly, the Court finds that the cases relied upon by the SSA are not applicable to the underlying circumstances of this matter.

Third, even though the ALJ did explain the RFC finding, he nevertheless impermissibly relied on his own interpretation of the medical data of record and improperly substituted his interpretation in place of the opinions of treating and state agency physicians. Accordingly, the ALJ's error was not one of simple articulation, but was, instead, substantive, as detailed above.

Fourth, this Court's prior holdings in the Report and Recommendation ("R&R") in *Sisk v. Comm'r of Soc. Sec.*, No. 3:19-cv-00342, 2020 WL 2933257 (M.D. Tenn. Jun. 3, 2020) are irrelevant. That R&R was rejected by the District Court. 2020 WL 9814211 (M.D. Tenn. Sept. 16, 2020). Although the SSA is correct that the rejection of the R&R and the reversal and remand were "premised on a change in controlling law that eliminated any need for Plaintiff to exhaust her Appointment Clause argument," the Court's prior findings are nevertheless no longer applicable. Accordingly, the Court does not find that the SSA's reliance on a rejected R&R substantially justifies its position.

Fifth and finally, the Court finds that the cases to which the SSA cites to support its contention that "district courts have found the Commissioner's position to be substantially justified in cases that were remanded for the same error" are inapplicable. In the first case to which the SSA cites, *Kizys v. Comm'r of Soc. Sec.*, No. 3:10-CV-25, 2011 WL 5024866 (N.D. Ohio, Oct. 21, 2011), that court provided no reasoning for its conclusion that "the position of the Commissioner was substantially justified." Although the SSA is correct that the *Kizys* court reversed the ALJ who made an RFC finding "without the benefit of any medical source opinion as to work-related limitations," *id.* at *1, this Court does not find the *Kizys* court's holding on substantial justification – which consisted of one sentence and no explanation – to support a finding of substantial justification in this matter. In the second case relied upon by the SSA, *Fish*, 2020 WL 6785402, that court's basis for denying fees was that "the matter was remanded solely because the ALJ failed sufficiently to explain her credibility findings and RFC determination." *Id.* at *3. In other words, *Fish* is another case where the ALJ's error was one of articulation rather than substance. As detailed above, the ALJ in this matter made an error of substance. Accordingly, these two cases from other district courts do not support the SSA's contention that its position in this case was substantially justified.

In sum, although the evidence in this case did not strongly establish proof of disability or Plaintiff's entitlement to DIB or SSI benefits, the matter was remanded because the ALJ made an error of substance – failing to reference or evaluate any medical opinions regarding Plaintiff's physical limitations – and not simply one of articulation. Accordingly, the SSA's decisions to deny Plaintiff's claim for benefits and to defend that denial in this Court did not have a reasonable basis in law and fact.

8

Case 3:22-cv-00958    Document 29    Filed 05/03/24    Page 8 of 12 PageID #: 1595

B.     **Whether The Fees Requested Are Reasonable**

Plaintiff asks the Court to award her a total of $8,929.36, which is comprised of attorney's fees in the amount of $8,909.65 and expenses in the amount of $19.71. (Docket No. 26-1.) The attorney's fees are comprised of the following: (1) 1.6 hours of attorney work in 2022 at a rate of $232.67 per hour, for a total of $372.27; (2) 32.5 hours of attorney work in 2023 at a rate of $241.15, for a total of $7,837.38; and (3) 7.0 hours of paralegal work at rate of $100 per hour, for a total of $700.00. (*Id.*)

The reasonableness of the requested fees must be evaluated. Plaintiff bears the burden of proving that the fees requested under the EAJA are in fact reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Specifically, Plaintiff must produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984)). A court may reduce fees for unreasonable time, including in instances where the time spent is excessive, redundant, or inadequately documented, *id.* at 433–34, or where the time claimed is associated with training junior attorneys, *Richards v. Sec'y of Health & Human Servs.*, 884 F. Supp. 256, 260 (N.D. Ohio 1995).

The Court has carefully reviewed the details of the requested fees in this matter and concludes that the total number of hours, 34.1, is not reasonable. While not a bright line rule, many courts in the Sixth Circuit have found that the "general range of time expended on these cases is 15-25 hours." *Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 652 (S.D. Ohio 2013) (collecting cases in the Sixth Circuit involving EAJA fee requests). Even though the SSA did not

9

explicitly object to the number of hours requested by Plaintiff, the Court finds that several of the billing entries were "excessive, redundant, or otherwise unnecessary." *Myers v. SSC Westland Operating Co., LLC*, No. 13-14459, 2015 WL 3915797, at *4 (E.D. Mich. June 25, 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

In particular, the Court finds that attorney Caeden Sehested's billing entries of 25.2 hours on May 31, 2023, June 1, 2023, and June 2, 2023 to review the administrative record and draft Plaintiff's motion is excessive, particularly when this amount of time is at the higher end of what is typically expended on the entire case. *See Spiller*, 940 F. Supp. 2d at 652. (Docket No. 26-3 at 2.) Accordingly, the Court will reduce this amount of time by one third and reduce the total number of 2023 attorney hours requested by 8.4 hours. Further, the Court finds that paralegal Brenden Perrigo's billing entry of 1.4 hours on March 24, 2023 to "combine, OCR [Optical Character Recognition], and live bookmark Federal Court transcript" is a clerical task not compensable under EAJA. (*Id.*) Accordingly, the Court will reduce the total number of paralegal hours requested by 1.4 hours.

Turning to the requested rate, the EAJA provides that attorney fees are limited to a rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Cost of living adjustments that increase attorney's fees above the statutory rate are left to the sound discretion of the district court and "should be carefully considered, rather than rubber stamped." *Miller v. Comm'r of Soc. Sec.*, 346 F. Supp. 3d 1018, 1029 (E.D. Mich. 2018), *report and recommendation adopted*, 2018 WL 4922207 (E.D. Mich. Oct. 10, 2018) (citing *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992)).

Plaintiff requests rates of $232.67 per hour (for work performed in 2022), $241.15 per hour (for work performed in 2023), and $100 per hour (for paralegal work). Courts in the Sixth Circuit have accepted all of these rates as reasonable when adjusted for inflation. *See, e.g.*, *Mascunana v. Kijakazi*, No. CV 2:21-077-DCR, 2022 WL 3256780, at *2 (E.D. Ky. Aug. 10, 2022); *McPherson v. Kijakazi*, No. CV 3:21-036-DCR, 2022 WL 3269046, at *2 (E.D. Ky. Aug. 10, 2022); *Hensley v. Comm'r of Soc. Sec.*, No. 3:18-CV-00223, 2021 WL 117911, at *2 (S.D. Ohio Jan. 13, 2021), *report and recommendation adopted*, 2021 WL 7908554 (S.D. Ohio Feb. 2, 2021). These rates are also not inconsistent with ranges endorsed by the Sixth Circuit. *See, e.g.*, *Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 492 (6th Cir. 2021) (reversing district court's decision to limit attorney fees in a Social Security case to $150/hour rate when subject plaintiff's "unrefuted evidence established a market range between $205 and $500" in the Eastern District of Kentucky). Further, the SSA did not object to the rates sought by Plaintiff.

Accordingly, the Court concludes that, under the facts of this case, an EAJA attorney fee of $6,743.99, based on 31.3 hours of work at three separate rates (1.6 hours at a rate of $232.67 per hour; 24.1 hours at a rate of $241.15 per hour; and 5.6 hours at a rate of $100 per hour), plus $19.71 in expenses, for a total of **$6,736.70**, is appropriate.

The Supreme Court has held that an EAJA fee is payable to the plaintiff as litigant, and that payment may be subject to an offset to satisfy any pre-existing debt that the plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586, 594-98 (2010). Accordingly, the SSA is ordered to pay the total amount of **$6,763.70**, less any offset amounts owed to the United States. If the SSA determines that Plaintiff owes a pre-existing debt to the United States, the SSA will reduce the awarded fees to the extent necessary to satisfy such debt.

## IV. CONCLUSION

For the above stated reasons, Plaintiff's motion for attorney's fees (Docket No. 26) is **GRANTED IN PART**. The SSA is ordered to pay the total amount of **$6,763.70**, less any offset of amounts owed to the United States. If the SSA determines that Plaintiff owes a pre-existing debt to the United States, the SSA will reduce the awarded fees to the extent necessary to satisfy such debt.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge